Judge Buckner
delivered (he o,.inion of the Court.
This was an action of detinue prosecuted in lire year 1828, by G. S., Nancy H., James L., Sihellas W., Sally Ann and Mary Jane Haden, infants, by Janies C. Haden, their next friend, against Thomas Arbuckle, to recover a female slave, Betsy, and her four children.
Upon the plea of non-detinet, a verdict was returned, and judgment thereon entered against Ar-buckle, after a motion for a new trial, submitted by him, had been overruled. To reverse it, this writ of error is prosecuted.
We shall notice such points, presented by the assignment of errors, as are deemed to be of any consequence.
Anthony Hayden, the paternal grandfather of the infants, it is admitted, was once the owner of the slaves in contest. Nathan O. Haden, son of said Anthony, and father of the defendants in error, sold the slaves,-and delivered them to one Hopkins. Anthony Hayden, who insisted that he had only lent them to his son, and who, therefore, had no right to sell or otherwise dispose of them, instituted an action against Hopkins, to recover them. While that action was depending, on the 28th of August, 1828, he conveyed them, by deed of gift, to the five first named plaintiffs, who were all of the children then in esse of said N. O. Haden ; which, by its terms, was not to take effect until after the decision of that suit. It contains the following clause :
*95 u And it is to be further understood, that whereas lam informed, a marriage is contemplated to be had, in some short time, between the said Nathan 0. Haden and a certain Ann Porter, the daughter of my old friend ; now, should this marriage take effect, it is my determination that the children or is.sue of said marriage, if any, shall be equal sharers in my bounty ; and I do therefore, by these presents, make said children of said marriage equal in interest in the negroes herein heretofore conveyed, given and granted, to my aforesaid grandchildren, with this express reservation, that during the life of said Ann Porter, if the marriage between her and the said Nathan O. Haden shall be consummated, the said negroes and their increase shall be and remain with her, to wait upon and serve her ; unless my son Nathan 0. shall die leaving her a widow, and she shall thereafter marry ; anti upon the happening of this event, if it shall ever happen, then it is the intention of this conveyance, that such of my grandchildren herein before named, as may be living, and such as sliall be produced, by the said marriage, shall have the right to the immediate possession,” &c. of said slaves.
The suit referred to was not tried, as Hopkins and N. O. Haden rescinded their contract, and the possession of the slaves was yielded, without further contest.
In December, 1827, Anthony Haden made his last will and testament, in which he mentions and confirms the deed of August, 1828.
The anticipated marriage took place, and the sixth and last named plaintiff was the issue of it. She was born after the death of her grandfather, A. Ha-den, which occurred in 1828.
In November, 1827, the slaves in controversy were levied upon and sold by the sheriff as the property of N. O. Haden, under executions against him, and were purchased by the plaintiff in error, who, on the trial of this case, relied on his title so derived, and attempted to shew, by testimony, that they had been in the continued possession of N. O. Ha-den from the year 1819, and were consequently subject to the executions, under which he purchasd.
*96 ’ On the part of the defendants in. error, proof wa. introduced, conducing to shew, that the possessioi of N. O. Haden had not been uninterrupted during the time named ; and that whilst he kept possession of them, he held under his father.
When the defendants in error had closed their evidence, Arbuckle moved the court to instruct the jury, as í i case of non-suit ; but the motion was overruled ; and he excepted.
The propriety of that decision presents the first point necessary to be considered.
it has been insisted, 1st, that should it be even conceded, that Arbuckle acquired no valid title under his purchase, and that the slaves can be recovered from him ; Nathan O. Haden and wife, who are still living, could alone maintain an action for that purpose.
2nd. That should that position be incorrect, there was, nevertheless, a misjoinder of plaintiffs, the daughter of Nathan O. Haden, by the last marriage, not having been born at the death of A. Haden, and that, therefore, she could not have acquired any interest in the slaves, under the deed or will of her grandfather.
In determining upon the first position assumed, it should be remarked, that the deed and will convey the title to the slaves, not to Mrs. Haden, but to the .defendants in error. In the deed it is declared, that it should not take effect until the slaves were recovered from Hopkins. When he gave them up, the title of the grandfather passed to his grandchildren, and the marriage of N. O. Haden with his present .wife did not divest it. The slaves were to remain with Mrs. Haden to wait upon and serve her during life, unless the contingency, mentioned in the will, should happen ; but there is nothing in either •of the instruments of writing referred to, from which it can be rationally inferred, that A. Haden intended the title to the slaves should vest in her. Indeed, it is provided, that if the marriage alluded to should take place, the gift and conveyance were intended •for the sole benefit of such of the children of his son Nathan as were then living. And should Mrs. Ha- *97 «den survive her husband and marry again, that such of the grandchildren of the grantor as were living at the date of the deed, and those which might be born of the contemplated marriage between his son •and Ann Porter, should have (not the title to the slaves, for that had already been conferred,) but the right to the immediate possession of them. It may well be doubted, whether Mrs. Haden and her husband would have any right to sell her interest in, and deliver the slaves to any other person. The proper construction of the deed seems to be, that although she might, by her marriage with N. O. Haden, acquire a limited interest in the labor of the slaves, the title vested absolutely in others.
Provision for after-born children may be made either by deed or will.
Crittenden for plaintiff; Mills and Brown far defendants.
As to the ground, that there has been a misjoinder of plaintiffs, we are satisfied there, .is nothing in it.
Provisions both by deed and will for after-born children are quite common; and no doubt can be entertained of the propriety and validity of such provisions. We are, therefore, of opinion, that the circuit court properly refused to instruct the jury, as in case of a non-suit.
We are also satisfied with the opinion of that court in overruling the motion for a new trial. The testimony was such as rendered the matter the proper subject for the determination of the jury, and whatever might be our impressions with respect to the weight of it, on the one side or the other, is a matter of no consequence in the decision of the question, because it was evidently not such as to justify the court in setting aside the verdict.
The judgment must be affirmed, with costs.